Brennan, J.
This matter came before the Western Appellate Division as an appeal pursuant to Rule 8C of the Appellate Division Rules.
This is an action in contract in which the plaintiff/appellant filed a complaint against defendants/appellees on June 2, 1993. The case went to trial on April 29, 1997 and judgment entered for the plaintiff in the amount of $3,000.00 with interest computed from July 1, 1993 in the amount of $1,379.97 and costs of $116.50. The clerk calculated interest from July 1, 1993, a date which is approximately thirty days after the filing of the complaint. Plaintiff filed a “motion to alter or amend the judgment or, in the alternative, motion to correct a mistake in the judgment.” On November 19,1997, the motion was denied. On November 28,1997, plaintiffs filed this notice of appeal.
The sole issue before the appellate division is whether prejudgment interest in an action based on a breach of contract must be calculated from the date of demand where such date was established at trial.
In presenting his case, plaintiff relies on G.L.c. 231, §6C, which provides that:
In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum, from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action.
Massachusetts case law is clear that a “demand” for purposes of G.L.c. 231, §6C is established if the party has been informed of the extent of the obligation and that payment is due. A bill is sufficient to establish a demand. The “decision and order” in the case states that “the services for which compensation is sought are set forth on defendants’ invoice dated May 31,1991, and there is no dispute as to whether or not those services were provided in a competent, professional manner. The only issue is whether or not the charges sought were fair and reasonable.” The court *58 established the date of demand at May 31, 1991, and, as such, the plaintiffs are entitled to interest from May 31,1991, the date of breach or demand.
The case is for these reasons returned to the clerk for the court for computation of interest from May 31,1991, the date of demand.